IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATIE OHLE, | ) | CASE NO. 1:09-cv-02794-CAB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DJO INCORPORATED, DJO, LLC, | ) | |
| McKINLEY MEDICAL, LLC, MOOG, INC., | ) | |
| and CURLIN MEDICAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MOOG INC. AND CURLIN MEDICAL INC.'S
BRIEF IN FURTHER SUPPORT OF APPLICATION OF THE NONECONOMIC
DAMAGES CAP PURSUANT TO OHIO REV. CODE §2315.18**

Frederick H. Fern
HARRIS BEACH PLLC
100 Wall Street
New York, NY  10005
(212) 687-0100
Fax: (212) 687-0659

Thomas W. Baker (0070558)
John A. Favret (0080427)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414
Telephone:    216.592.5000
Facsimile:     216.592.5009

***Attorneys for Defendants Moog Inc.
and Curlin Medical Inc.***

## I.    OVERVIEW

This Memorandum is submitted in further support of defendants Moog Inc. and Curlin Medical Inc.'s (hereinafter "Moog" and "Curlin" and/or "defendants") briefing on the application of Ohio's noneconomic damages cap (Ohio Revised Code § 2315.8) to plaintiff's claims. Pursuant to the statute, only three (3) limited exceptions escape the application of Ohio's cap on noneconomic damages: (1) "a substantial physical deformity," (2) "loss of a limb or bodily organ system," or (3) "physical injury preventing the injured person from being able to independently care for self."  Plaintiff concedes that Katie Ohle does not qualify under the second or third exceptions as she has suffered no loss of limb/body system and is fully independent as she pursues a vigorous course of study, work and clinical rotations as a nursing student.  Plaintiff is, therefore, left to contend, inconsistent with both Ohio precedent and the legislative intent of Ohio's General Assembly, that Ms. Ohle's surgical scarring qualifies as a substantial physical deformity.  There is no Ohio common law precedent to support this position.  Indeed, *Weldon v. Pressly*, 2011 WL 3749469 (N.D.Ohio, August 9, 2011) expressly holds that internal injuries do not meet the substantive physical deformity standard.  Furthermore, while one Ohio court has held that multiple traumatic lacerations to the hands and face requiring plastic surgery qualified as a substantial deformity, no Ohio court has held that surgical scarring justifies an exception to Ohio's noneconomic damages cap.

Obviously cognizant that there is no legal or factual support for such a broad interpretation of "substantial physical deformity," plaintiff alternatively argues that it would be improper for this court to rule on this limited issue as a matter of law, and the determination should be left to the jury.  The express language of O.R.C. § 2315.18 (E)(2) empowers this court to make a "determination of the damages," and Ohio's highest court has held such power to be

constitutional. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 484 (2007). Indeed, the Ohio's Supreme Court held that "the uncertain and subjective system of evaluating noneconomic damages was contributing to the deleterious economic effects of the tort system," thereby empowering the courts to rule on this exact issue as a matter of law. *Id.*

## II. ARGUMENT

### A. Internal Deformities And Post-Surgical Scarring Do Not Qualify As A Substantial Physical Deformity

The overwhelming majority of plaintiff's submission consists of graphic details, explaining the vagaries of plaintiff's partial shoulder replacement surgery as viscerally as possible. These details, although provocative, have no relevance to the focused issue before this court. Defendants do not dispute that plaintiff has undergone a partial arthroplasty. Also not in dispute is that Ohio precedent flatly rejects classifying internal injury as a substantial physical deformity. That issue was raised and rejected in *Weldon v. Pressly*, 2011 WL 3749469 (N.D. Ohio, August 9, 2011). In *Weldon*, much like this case, plaintiff contended that the spinal surgery resulted in external scarring as well as internal deformities to her spine. The Northern District held "Ohio courts have interpreted 'permanent and substantial physical deformity' objectively" and held that such a claim did not amount to an exception to the noneconomic damages cap. *Id.* at .*7

As expressed in defendant's moving papers, there is also no precedent for holding that external post-surgical scarring qualifies as a "substantial deformity." While *Bransteter v. Moore,* 2009 WL 152317, *2 (N.D. Ohio, January 21, 2009) holds there is a possibility for scarring to rise to the level of a substantial physical deformity (as in *White v. Bannerman*, 2010 WL 3852354, *2 (Ohio App. 5 Dist. September 27, 2010 where multiple traumatic lacerations to the hands and face, deep enough to sever tendons were deemed sufficient) plaintiff has failed to

provide any basis for qualifying post-surgical scars as substantial physical deformities. Indeed, such an interpretation of substantial physical deformity would raise Ohio's noneconomic damages cap to the nonsensical, equating injuries such as the scars on plaintiff's anterior shoulder to the loss of a limb, while capping the damages of a plaintiff who had lost one of her eyes. *See Williams v. Bausch & Laumb Co.*, 2010 WL 2521753, *4 (S.D. Ohio June 22, 2010) (holding loss of just one eye insufficient to meet exception as plaintiff still had vision out of uninjured eye). When interpreting the definition of "substantial physical deformity," statutory construction precedents dictate that the severity of the deformity be akin to the significance of the loss of a limb or bodily system.

In *Wilson v. Stark County Dep't of Human Services*, 70 Ohio St.3d 450, 453 (1994), the Ohio Supreme Court held that "the coupling of words denotes an intention that they should be understood in the same general sense." *See also Hibbs v. Winn*, 124. S.Ct. 2276, 2286 (2004) (holding that "the cardinal rule [is] that statutory language must be read in context [since] a phrase gathers meaning from the words around it."). Expanding the plain meaning of Ohio's statute to include post-surgical scarring would frustrate the aims of Ohio's General Assembly and open the door to include exceptions such as fractured arms and legs requiring open reduction and internal fixation with the attendant post-operative scarring stemming from countless slip and fall and motor vehicle claims.

   **B.**  **Ohio's General Assembly And The Supreme Court Both Empower This Court To Rule On The Applicability of O.R.C. § 2315.18 As A Matter Of Law**

When the Ohio Supreme Court upheld the constitutionality of a noneconomic damages cap in *Arbino v. Johnson & Johnson*, 880 N.E.2d 420, 508 (Ohio 2007) it went to great lengths to explain the legislative intent of the statue, citing the General Assembly's belief that the current

3

civil litigation systems represents a challenge to Ohio's economy which is dependent on businesses providing essential jobs and creative innovation.  Furthermore, the legislature feared inflammatory trial tactics leading to inflated damages awards noting that "awards for such injuries are inherently subjective and susceptible to improper inflation."  *Weldon* citing *Arbino* citing §3(A)(6)(a),(c)(d) 125th Gen.Assem.Reg.Sess.(Ohio 2004). Hoping to avoid the capricious and deleterious effects of the current system where inflamed jurors returned inflated verdicts to the detriment of Ohio's economy, the legislature established very specific requirements to allow the courts to limit noneconomic damages as a matter of law.

Plaintiff herein beseeches this Court to give up this legislatively-granted and judicially-condoned power.  Specifically, plaintiff asks that the damages decision be delegated to a jury that can be influenced by the intricate operative descriptions and demonstrative intra-operative photos counsel has submitted, despite such evidence being irrelevant to the decision at hand. Plaintiff's presentation is precisely the kind of injury designed to be addressed by this Court – one featuring a clearly defined injury that could only escape Ohio's noneconomic damages cap by avoiding dispassionate judgment and appealing to a jury's incited emotions.

In the face of the Supreme Court's *Arbino* decision, plaintiff is left with the unpublished *Bransteter* decision in weak support of the argument that the current damages inquiry should be relegated to a jury. *Bransteter* cites to a decision from another jurisdiction regarding a different statute to support its holding.  In Ohio, however, the legislature and Supreme Court have unequivocally spoken.  Noneconomic injuries are capped unless they qualify under three very specific exceptions.  Plaintiff's injuries, although unfortunate, do not.

4

### III. CONCLUSION

For the foregoing reasons, defendants Moog and Curlin respectfully request that this Court rule that plaintiff's noneconomic damages are capped pursuant to Ohio Rev. Code § 2315.18, together with such other, further and different relief as this Court may deem just, proper and equitable under the circumstances.

Dated:   New York, New York
         May 16, 2012

>                   Respectfully submitted,
>
>                   /s/ Frederick H. Fern_____
>                   FREDERICK H. FERN, admitted *pro hac vice*
>                   Harris Beach PLLC
>                   100 Wall Street
>                   New York, New York 10005
>                   Telephone:   212-687-0100
>                   Telefax:     212-687-0659
>                   Email:       painpumplit@harrisbeach.com
>
>                   and
>
>                   THOMAS W. BAKER (0070558)
>                   JOHN A. FAVRET (0080427)
>                   Tucker Ellis & West LLP
>                   1150 Huntington Building
>                   925 Euclid Avenue
>                   Cleveland, OH 44115-1414
>                   Telephone:   216.592.5000
>                   Facsimile:   216.592.5009
>                   Email:       thomas.baker@tuckerellis.com
>                                john.favret@tuckerellis.com
>
>                   *Attorneys for Defendants Moog Inc. and Curlin Medical Inc.*

545760

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing DEFENDANTS MOOG INC. AND CURLIN MEDICAL INC.'S BRIEF IN FURTHER SUPPORT OF APPLICATION OF THE NONECONOMIC DAMAGES CAP PURSUANT TO OHIO REV. CODE §2315.18 complies with the page limitations for standard track litigation imposed by Rule 7.1(f) of the Local Rules for the Unites States District Court for the Northern District of Ohio.

/s/ Frederick H. Fern
FREDERICK H. FERN, admitted *pro hac vice*
Harris Beach PLLC
100 Wall Street
New York, New York 10005
Telephone:     212-687-0100
Telefax:         212-687-0659
Email:            painpumplit@harrisbeach.com

and

THOMAS W. BAKER (0070558)
JOHN A. FAVRET (0080427)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2012, a copy of **DEFENDANTS MOOG INC. AND CURLIN MEDICAL INC.'S BRIEF IN FURTHER SUPPORT OF APPLICATION OF THE NONECONOMIC DAMAGES CAP PURSUANT TO OHIO REV. CODE §2315.18** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Frederick H. Fern_____
FREDERICK H. FERN, admitted *pro hac vice*
Harris Beach PLLC
100 Wall Street
New York, New York 10005
Telephone:	212-687-0100
Telefax:	212-687-0659
Email:	painpumplit@harrisbeach.com

and

THOMAS W. BAKER (0070558)
JOHN A. FAVRET (0080427)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414